## (February 28, 1972)

■ In the Matter of LEON J. TEPPER, Petitioner. SUFFOLK COUNTY BAR ASSOCIATION, Respondent.— Renewed application to vacate order of this court, dated October 17, 1966, which disbarred petitioner [26 A D 2d 824], and for his reinstatement as a member of the Bar. Motion denied. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ STELLA BIEDERMANN, Respondent, v. RALPH BIEDERMANN, Appellant.— In an action for divorce, defendant appeals from an order of the Supreme Court, Westchester County, dated October 21, 1971, which denied his motion to amend his previously amended second counterclaim. Order reversed, without costs, and motion granted. The second amended second counterclaim shall be served within 20 days after entry of the order to be made hereon. In our opinion, under all the circumstances, the exercise of a sound discretion and the interests of justice require that appellant be allowed to amend his amended second counterclaim. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.

■ EMILIA CALZA, Appellant, v. MANUEL VISBAL et al., Respondents.— Order of the Supreme Court, Queens County, dated August 20, 1971, resettling a prior order affirmed, without costs. No opinion. Appeal from order of the same court dated July 28, 1971 dismissed as academic, without costs. That order was superseded by the above-mentioned resettlement order. Order of the same court dated July 7, 1971, granting defendants' motion to vacate their default as to physically examining plaintiff and to allow such examination, reversed, without costs, and motion denied. In our opinion, the facts alleged in support of defendants' motion to vacate their default in physically examining plaintiff pursuant to her notice (22 NYCRR 672.1) did not establish a reasonable excuse for that default (Delgado v. Fogle, 32 A D 2d 85). Rabin, P. J., Hopkins, Munder, Martuscello and Brennan, JJ., concur.